FILED
UNITED STATES DISTRICT COURT CLERKS OFFICE
DISTRICT OF MASSACHUSETTS

2004 JUN 21  P 2: 39

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Court No. |
| | ) | |
| | ) | |
| PHYLLIS M. SMITH, | ) | **04 - 11406 DPW** |
| | ) | |
| *Defendant.* | ) | |

MAGISTRATE JUDGE _Bowler_

## COMPLAINT

The United States of America, by its attorney, Michael J. Sullivan, United States

Attorney for the District of Massachusetts, states as its complaint that:

1.    Jurisdiction of this action is conferred on the Court by 28 U.S.C. § 1345.

2.    The defendant, Phyllis M. Smith (hereinafter "Smith"), resides in the District of

Massachusetts at 808 Memorial Drive, Apt. 408B, Cambridge, MA 02139.

3.    Smith is indebted to the United States in the principal amount of $24,295.21 plus

interest computed at the rate of 4.0 percent per annum for a total amount of $24,538.98 as of

May 15, 2004.  Thereafter, interest on the principal amount will accrue at the rate of 4.0 percent

per annum until the date of judgment.  See Exhibit "A" attached hereto and incorporated herein.

4.    Smith has failed to repay the aforesaid sum although demand has been duly made.

```
RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____/____
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK._____
DATE____6-21-04_____
```

WHEREFORE, the United States demands judgment against Smith in the principal amount of $24,295.21; plus interest in the amount of $243.77; plus interest on this principal at an annual rate of 4.0 percent per annum until the date of judgment. The United States further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment accrue at the legal rate until paid in full.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys

MICHAEL J. SULLIVAN
United States Attorney

By:     *Christopher R. Donato*

CHRISTOPHER R. DONATO
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3328

Dated:  June 21, 2004



**DEPARTMENT OF HEALTH & HUMAN SERVICES**    Program Support Center



Rockville MD 20857

JUN  9 2004

## CERTIFICATE OF INDEBTEDNESS

Phyllis M. Smith
808 Memorial Drive, Apt. 408B
Cambridge, MA 02139
Ref: 50055721/2

**Total debt due to the United States of America as of May 15, 2004: $24,538.98 (principal $24,295.21, interest $243.77, administrative costs $0.00).**

I certify that the Department of Health and Human Services records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $24,295.21 from May 15, 2004, at the rate of 4.00%. Interest accrues on the principal amount of this debt at the rate of $2.67 per day. Interest is computed at a variable rate and is adjusted quarterly. Due to the semi-annual compounding of interest, the current principal amount is greater than the original amount borrowed.

The claim arose in connection with a Government-insured Health Education Assistance Loan (HEAL) made by a private lender and assigned to the United States.

### 50055721 - SLMA

As a student at the Morehouse School of Medicine, you applied for and were granted the following Health Education Assistance Loans (HEAL), Section 701-720 of the Public Health Service Act (42 U.S.C. 292 f-p).

| Date of Promissory Note | Amount of Promissory Note | Date Approved | Amount Approved |
|---|---|---|---|
| 10/16/87 | $6,000.00* | 11/12/87 | $6,000.00 |

*\*You signed a promissory note for $6,000.00, however, only $3,000.00 was disbursed.*

You signed promissory notes agreeing to repay the loans at a variable rate of interest beginning the first day of the tenth month after ceasing to be a full-time student or completing a residency program. The Student Loan Marketing Association (SLMA) purchased your notes and received an assignment.

Upon your leaving Morehouse School of Medicine, you were furnished a repayment schedule by the Student Loan Servicing Center with notification that payments were to begin July 16, 1990. You did not make any payments.

On November 16, 1990, the SLMA sent you a final demand letter to remit payment in full or your account would be filed as a default claim. You did not make any payments, nor did you respond.

Due to your failure to make payments, the SLMA filed an insurance claim on August 16, 1991, with the Department of Health and Human Services (HHS). The claim in the amount of $4,323.00 was paid on October 31, 1991, and an assignment of the note was received.

## PAGE 2 - CERTIFICATE OF INDEBTEDNESS - PHYLLIS M. SMITH

By letter dated November 14, 1991, you were notified that the previous holder of your HEAL placed you in default and assigned your note to the United States Government. You were informed that your student loan was consolidated using the lowest interest rate allowable by law. Enclosed were instructions for entering into a repayment agreement (RA) with notice that it must be completed and returned within thirty (30) days. You did not respond.

### 50055722 - SLMA

As a student at the Morehouse School of Medicine, you applied for and were granted the following Health Education Assistance Loans (HEAL), Section 701-720 of the Public Health Service Act (42 U.S.C. 292 f-p).

| Date of Promissory Note | Amount of Promissory Note | Date Approved | Amount Approved |
|---|---|---|---|
| 09/18/88 | $5,000.00 | 09/19/88 | $5,000.00 |

You signed a promissory note agreeing to repay the loan at a variable rate of interest beginning the first day of the tenth month after ceasing to be a full-time student or completing a residency program. The Student Loan Marketing Association (SLMA) purchased your notes and received an assignment.

Upon your leaving Morehouse School of Medicine, you were furnished a repayment schedule by the Student Loan Servicing Center with notification that payments were to begin June 1, 1990. You did not make any payments.

On June 30, 1991, the SLMA sent you a final demand letter to remit payment in full or your account would be filed as a default claim. You did not make any payments, nor did you respond.

Due to your failure to make payments, the SLMA filed an insurance claim on October 12, 1991, with the Department of Health and Human Services (HHS). The claim in the amount of $7,814.00 was paid on December 12, 1991, and an assignment of the note was received.

By letters dated December 12, 1991, and January 24, 1992, you were notified that the previous holder of your HEAL placed you in default and assigned your notes to the United States Government. You were informed that your student loans were consolidated using the lowest interest rate allowable by law. Enclosed were instructions for entering into an RA with notice that it must be completed and returned within thirty (30) days. You did not respond.

### 50055721/2 - DHHS

By letter dated January 28, 1992, you were notified that your account had been referred to Payco American Corporation for collection. You were advised that your account would be referred to the U.S. Department of Justice (DOJ) if you failed to either remit payment in full or enter into an RA. You did not comply.

In letters dated August 25, 1992, and October 5, 1993, you were notified that the principal amount of your debt would be referred to the Internal Revenue Service (IRS) for offset of any tax refund to which you might be entitled unless payment in full was received.

## PAGE 3 - CERTIFICATE OF INDEBTEDNESS - PHYLLIS M. SMITH

On November 16, 1993, you were notified that you had sixty (60) days in which to resolve your delinquent debt. You were advised that if you were unwilling to establish an RA, your case would be immediately referred to the Office of the Inspector General (OIG) for exclusion from participation in the Medicare/Medicaid Programs. The letter also informed you that in the event you did not enter into an RA, your debt would be referred to the DOJ for enforced collection. You did not comply.

On April 1, 1994, in the United States Bankruptcy Court, Northern District of Georgia, you filed a petition for relief under Title 11 U.S.C. Chapter 7 (Case No. N94-10721-WHD), however, your HEAL debt was not dischargeable under bankruptcy.

In a letter dated August 15, 1994, you were notified that although payments on your HEAL debt had been suspended during your bankruptcy proceedings, your debt was not subject to cancellation by bankruptcy discharge. You were provided instructions for entering into an RA with notice that it must be completed and returned within thirty (30) days along with a good faith payment. You did not comply.

In a letter dated August 24, 1994, you were sent instructions for entering into an RA with notice that it must be completed and returned within thirty (30) days. You were informed that failure to respond would result in your debt being referred to the DOJ.

You submitted a signed financial statement of debtor form dated September 20, 1994, and you proposed a monthly payment of $60.00.

In a letter dated October 7, 1994, you were notified that the principal amount of your debt would be referred to the IRS for offset of any tax refund to which you might be entitled unless payment in full was received.

You signed two RAs on December 5, 1994, agreeing to a total monthly payment of $100.00 ($40.00 toward account #1, and $60.00 toward account #2) to begin December 15, 1994.

In a letter dated September 20, 1996, you were sent instructions for entering into an RA with notice that it must be completed and returned within thirty (30) days. You were informed that failure to respond would result in your debt being referred to the DOJ.

In a letter dated February 27, 1997, you were sent a RA with notice that it must be completed and returned within thirty (30) days. You were informed that failure to respond would result in your debt being referred to the DOJ.

In a letter dated September 30, 1997, you were sent a RA with notice that it must be completed and returned within thirty (30) days. You were informed that failure to respond would result in your debt being referred to the DOJ.

On November 12, 1997, you signed two RAs agreeing to a total monthly payment of $100.00 ($50.00 toward each account) to begin November 1, 1997.

In a letter dated January 6, 1999, you were sent a RA with notice that it must be completed and returned within thirty (30) days. You were informed that failure to respond would result in your debt being referred to the DOJ.

## PAGE 4 - CERTIFICATE OF INDEBTEDNESS - PHYLLIS M. SMITH

You signed two RAs on January 11, 1999, agreeing to a total monthly payment of $75.00 ($25.00 toward account #1, and $50.00 toward account #2) which was approved on January 25, 1999, with payments to begin January 26, 1999.

On September 19, 2002, you were notified that you had sixty (60) days in which to resolve your delinquent debt. You were advised that if you were unwilling to establish an RA, your case would be immediately referred to the OIG for exclusion from participation in the Medicare/Medicaid Programs. The letter also informed you that in the event you did not enter into an RA, your debt would be referred to the DOJ for enforced collection. You did not comply.

The following provides a breakdown of payments applied to your account:
56 Payments to HHS          09/27/94 to 10/21/02          $3,225.00

Repeated attempts by HHS have been unsuccessful in establishing an acceptable repayment schedule for your debt. Because of your lack of cooperation the federal government is exercising its option and declaring your note due and payable. Accordingly, your debt has now been referred to the DOJ for enforced collection.

The amount due should be remitted by check, draft or money order(s) payable to the "U.S. Department of Justice" and mailed directly to the United States Attorney, District of Massachusetts, One Courthouse Way, U.S. Courthouse, Suite 9200, Boston, Massachusetts 02210.

**CERTIFICATION:** *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

JUN   9  2004

_____
Date

_____
Barry M. Blum
Chief, Referral Control Section
Debt Management Branch

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the informat  contained herein neither replace nor supplement  filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

UNTIED STATES OF AMERICA

**DEFENDANTS**

PHYLLIS M. SMITHI

IN CLERKS OFFICE

2004 JUN 21 P 2: 39

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed   Middlesex 25017
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. DISTRICT OF MASS.

(c) Attorney'S (Firm Name, Address, and Telephone Number)
CHRISTOPHER R. DONATO, AUSA
1 COURTHOUSE WAY, SUITE 9200
BOSTON, MA 02210
(617) 748-3303

Attorneys (If Known)

# 04-11406 DPW

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☒ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☒ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights ☐ 555 Prison Condition | | | ☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. SECTION 1345    Default of government guaranteed student loan

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 24,538.98

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE 6/21/04    SIGNATURE OF ATTORNEY OF RECORD *Christopher R. Donato*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
U.S.A. CLERK'S OFFICE *Phyllis M. Smith*

2004 JUN 21 P 2: 39

U.S. DISTRICT COURT
DISTRICT OF MASS.

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _____

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ____ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ____ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,         *Also complete AO 120 or AO 121
        740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

   ____ III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
        315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
        380, 385, 450, 891.

   ____ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
        690, 810, 861-865, 870, 871, 875, 900.

   ☒ V.   150, 152, 153.

# 04 - 11406 DPW

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                        YES        NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC §2403)

                        YES        NO

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                        YES        NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

                        YES        NO

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                        YES        NO

   A.   IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

   B.   IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)   Christopher R. Donato,      Assistant U.S. Attorney
ATTORNEY'S NAME _____
ADDRESS   U.S. Attorney's Office, 1 Courthouse Way-Suite 9200, Boston, MA 02210
TELEPHONE NO.   617 748 3303

(Cover sheet local.wpd - 11/27/00)